1

2

3

4

5

6                  IN THE UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                        SAN FRANCISCO DIVISION

9

10   JEFFREY LEW,                              No. C 11-04546 RS

11          Plaintiff,                         **ORDER DENYING MOTION TO
                                               REMAND**

12       v.

13   U.S. BANK NATIONAL ASSOCIATION,
     FCI LENDER SERVICES, AND DOES 1
14   through 100, inclusive,

15          Defendants.
     _____/
16

17                           I. INTRODUCTION

18          Plaintiff filed this action in the Contra Costa County Superior Court alleging violations of

19   the federal Truth in Lending Act (TILA), 15 U.S.C. § 1601, and various state laws.  Defendants

20   removed the case to this court.  Plaintiff, appearing *pro se* at least for purposes of removal, filed a

21   document styled as an "Objection to Removal," to which defendants replied with an opposition

22   brief.  Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral

23   argument, and for the reasons stated below, is denied.

24                            II. BACKGROUND

25          Plaintiff Jeffery Lew filed this action on September 9, 2011, in the Contra Costa County

26   Superior Court against U.S. Bank National Association and FCI Lender Services, advancing claims

27   for relief for: (1-2) declaratory and injunctive relief; (3) violations of the Truth in Lending Act under

28   California Financial Code § 4970 and 15 U.S.C. § 1601; (4) fraudulent omissions; (5) violations of

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  California Business & Professions Code § 17200; and (6) an accounting.  On September 13, 2011,

2  defendants filed a notice of removal on the eve of a hearing on Lew's motion to restrain defendants

3  temporarily from proceeding with an anticipated foreclosure sale.  The notice of removal deprived

4  the Superior Court of jurisdiction and precluded plaintiff from obtaining temporary injunctive relief.

5  The next day, Lew's home was sold at auction.  On October 13, 2011, plaintiff filed a document

6  entitled "Objection to Removal," but failed to notice it properly, as required by Local Rule 7-2

7  (Notice and Supporting Papers).  On October 26, defendants filed an opposition brief.

8                                 III. LEGAL STANDARD

9         A defendant may remove to federal court "any civil action brought in a State court of which

10  the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  *See also id.*

11  at § 1446(b) (defendant must file a notice of removal within 30 days after receiving the original

12  pleading), *and Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir.

13  2009)  (courts strictly construe the removal statute against finding jurisdiction and the defendant

14  bears the burden of establishing the basis for removal).  Removal is appropriate if a case originally

15  filed in state court presents a federal question "arising under" the Constitution, treaties, or laws of

16  the United States. *Id.* at § 1331. *Caterpillar, Inc v. Williams*, 482 U.S. 386, 392 (1987).  Under the

17  well-pleaded complaint rule, the existence of a federal question is ordinarily determined by

18  reference to the face of the plaintiff's complaint. *Sparta Surgical Corp. v. Assoc. of Sec. Dealers*,

19  159 F.3d 1209, 1211 (9th Cir. 1998).  However, the exercise of federal question jurisdiction is also

20  appropriate if "it appears that some substantial, disputed question of federal law is a necessary

21  element of one of the well-pleaded state claims." *Franchise Tax Bd. of State of Cal. v. Construction*

22  *Laborers Vacation Trust for So. Cal.*, 436 U.S. 1, 13 (1983). *But see Rains v. Criterion Sys., Inc.*,

23  80 F.3d 339, 346 (9th Cir. 1996) ("when a claim can be supported by alternative and independent

24  [state and federal] theories federal question jurisdiction does not attach because federal law is not a

25  necessary element of the claim").

26         When a plaintiff asserts both state and federal claims, "the entire case may be removed and

27  the district court may determine all issue therein, or, in its discretion, may remand all matters in

28  which State law predominates." *Id.* at § 1441(c).  Under § 1367(a), the Ninth Circuit has

**United States District Court**
For the Northern District of California

1   emphasized, "the district courts *shall* have supplemental jurisdiction over all other claims that are so

2   related to claims in the action within such original jurisdiction that they form part of the same case

3   or controversy under Article III of the United States Constitution." *Executive Software North*

4   *America, Inc. v. U.S. Dist. Court for Central District of California*, 24 F.3d 1545, 1557 (9th Cir.

5   1994) (emphasis in original), *citing* § 1367(a).  Thus, the district courts may *only* decline to exercise

6   supplemental jurisdiction over state law claims that arise from the same case or controversy if: "(1)

7   the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over

8   the claim or claims over which the district court has original jurisdiction, (3) the district court has

9   dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances,

10  there are other compelling reasons for declining jurisdiction." *Id.* at § 1367(c).  These provisions,

11  sometimes referred to as the *Gibbs* factors, are interpreted and applied so as to promote judicial

12  "economy, convenience, fairness, and comity." *Executive Software*, 24 F.3d at 1557, *quoting*

13  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

### IV. DISCUSSION

15      As a threshold matter, plaintiff's "Objection to Removal," filed *pro se*, is properly construed

16  as a motion to remand under 28 U.S.C. § 1447(c).  *See Abassi v. I.N.S.*, 305 F.3d 1028, 1032 (9th

17  Cir. 2002) ("we have consistently held that procedural requirements should be more liberally

18  construed for *pro se* litigants").  Such a construction is particularly appropriate in present

19  circumstances given the Court's own ongoing duty to ensure that the values of judicial economy,

20  convenience, fairness, and comity are served by the exercise of supplemental jurisdiction over

21  related state law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

22      Turning to the merits of Lew's objections to removal, his third claim for relief, by its own

23  express terms, accuses defendants of violating TILA, 15 U.S.C. § 1601, and related administrative

24  regulations.  Such a claim, squarely based on federal law, suffices to create a federal question for

25  removal purposes under § 1441(a).  Although the heading of plaintiff's third claim for relief cites

26  both TILA and California Financial Code § 4970, the content of his complaint forecloses the

27  possibility that he has alleged "alternative and independent" state and federal bases for relief. *Rains*,

28  80 F.3d at 346.  First, apart from that single title reference to state law, the paragraphs that follow

**United States District Court**
For the Northern District of California

1    address federal law and administrative regulations exclusively.  Second, this is not the exceptional

2    case where, despite the complaint's repeated references to, and extended discussion of, federal law,

3    Lew's claims for relief actually sound in state law.  *Id.* at 343 (no federal question jurisdiction where

4    state law claim for violation of public policy was predicated on state and federal law, alternatively).

5    Further, plaintiff is simply mistaken in asserting that removal is proper only if his complaint asserts

6    claims exclusively arising under federal law.  The rule is, rather, that if even a single claim for relief

7    sounds in federal law, §§ 1441(c) and 1367(a) potentially confer supplemental jurisdiction over the

8    entire case.  It follows that the Court possesses original jurisdiction over at least plaintiff's third

9    claim for relief.

10           Lew's other claims are closely related to his third claim for relief.  His factual allegations,

11   according to the complaint, apply "to all causes of actions," and are incorporated by reference into

12   each claim.  More fundamentally, there is no doubt that each of Lew's claims concerns the

13   defendants' alleged failure to disclose adequately the terms of his loan.  In other words, plaintiff's

14   "state and federal claims derive from a common nucleus of operative fact and are the types of claims

15   the Court would ordinarily be expected to try together in one proceeding."  *Executive Software*, 24

16   F.3d at 1563.  Accordingly, the exercise of supplemental jurisdiction over plaintiff's state law

17   claims is mandated by the Ninth Circuit's interpretation of § 1367(a), as set forth in *Executive*

18   *Software*.  *Id.* at 1557.

19           The *Gibbs* factors do not justify remand.  *See* § 1367(c)(1)-(4).  First, plaintiff's claims do

20   not present novel or complex issues of state law.  Rather, the questions presented by this case are,

21   sadly, all too familiar to state and federal courts awash in foreclosure-related litigation.  Second,

22   without prejudging the merits of the case, it is apparent that Lew's TILA claim is likely to be the

23   most substantial of all, in terms of the complexity and scope of the issues presented.  Therefore it

24   cannot be said that his state law claims "substantially predominate."  The third *Gibbs* factor is

25   inapplicable.  As for the fourth factor, the Ninth Circuit has severely limited the scope of the district

26   court's discretion under § 1367(c)(4).  *Executive Software*, 24 F.3d at 1557-60.  In particular, a court

27   may decline to exercise supplemental jurisdiction over related state law claims only if there is: (1) a

28   predicate finding of "exceptional circumstances," and (2) a rationale for declination (e.g., "other

1  compelling reasons") that is directed to promoting "economy, convenience, fairness, and comity."

2  *Id.* at 1557-60.  As noted above, there is little exceptional about the circumstances of this case.

3  Moreover, because plaintiff's various claims all arise from the same set of facts, it is clear that

4  judicial economy and the convenience of the parties are best served by exercising supplemental

5  jurisdiction over the entire case.  Finally, although the defendants in this case have, in a sense,

6  pulled the rug out from the plaintiff by divesting the state court of jurisdiction at the last moment, a

7  review of the relevant authority indicates that such strategic maneuvering is not the kind of

8  unfairness to which § 1367(c)(4) is directed.  *See, e.g., Arista Records LLC v. Lime Group LLC*, 532

9  F. Supp. 2d 556, 585 (S.D.N.Y. 2007) (declining to exercise supplemental jurisdiction to discourage

10  strategic filing of attenuated counterclaims).  Accordingly, plaintiff's motion to remand must be

11  denied as to all claims.

### V. CONCLUSION

13  For all of the reasons discussed above, plaintiff's motion to remand is denied.

14  IT IS SO ORDERED.

16  Dated:  11/7/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE