*E-Filed 3/26/12*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JEFFREY LEW,

    Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION, FCI LENDER SERVICES, AND DOES 1 through 100, inclusive,

    Defendants.

No. C 11-04546 RS

**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiff Jeffrey Lew, appearing *pro se*, filed this action in the Contra Costa County Superior Court alleging violations of the federal Truth in Lending Act (TILA) and various California laws. After this Court dismissed Lew's original complaint with leave to amend on certain claims, he filed a First Amended Complaint (FAC) asserting claims for (1) violations of TILA, 15 U.S.C. § 1601, (2) fraudulent omission under 18 U.S.C. § 1005, and (3) unfair and fraudulent business practices under the state's Unfair Competition Law (UCL), California Business & Professions Code § 17200. Defendants move to dismiss plaintiff's remaining claims under Federal Rule of Civil Procedure 12(b)(6), over plaintiff's opposition. The relevant factual background of this suit is set forth in this Court's prior Order of Dismissal, and need not be restated here.[1] Although plaintiff has diligently

---

[1] (*See* Order, Dkt. No. 35). Defendants move for judicial notice of that Order. As it is already in the record and binding law of the case, there is no need to take judicial notice of its findings. The motion is therefore denied.

litigated his claims throughout this case and presented well-reasoned arguments in opposition to defendant's successive motions to dismiss, ultimately, there is no viable claim upon which to proceed.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pleadings are "so construed as to do substantial justice." Fed. R. Civ. P. 8(f). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) based on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 570. "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). When dismissing a complaint, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. DISCUSSION

A. TILA

Lew's first claim for relief alleges that defendants violated TILA on multiple grounds, and pleads for rescission pursuant to 15 U.S.C. § 1635(a).[2] Under that section, an obligor retains a right

---

[2] Defendants request that the portion of plaintiff's claim requesting damages under 15 U.S.C. § 1601 be struck, pursuant to the prior Order of Dismissal, which found Lew's TILA claim for damages to be time-barred. Lew does not oppose this request, and has otherwise amended his TILA claim to

NO. C 11-04546 RS
ORDER

2

of rescission until "the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter." *Id.* § 1635(a). Here, assuming Lew has adequately plead that the required disclosures were not timely delivered, his action for rescission nonetheless expired "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered…." *Id.* § 1635(f). This three-year limitations period has been deemed absolute. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) ("section 1635(f) completely extinguishes the right of rescission at the end of the 3 year period"). Because Lew did not file the present action until more than four years after the consummation of the transaction, his plea for rescission is exhausted.

Lew was previously granted leave to amend to establish the applicability of a limited exception to the limitations period, set forth in § 1635(f). That exception applies if (1) the lender has been subject to a regulatory enforcement action under TILA, (2) within three years of the consummation of the transaction, and (3) on the basis of the practices giving rise to the obligor's right to rescind. 15 U.S.C. § 1635(f). In such a case, the limitations period is extended to "one year following the conclusion of the proceeding, or any judicial review or period for judicial review thereof, whichever is later." *Id.* Lew has attached to the FAC a consent decree between the Office of the Comptroller of the Currency and U.S. Bank, dated April 13, 2011. Assuming for purposes of argument, as Lew suggested at the hearing, that the Comptroller's enforcement action related to the practices at issue in this action, and was initiated sometime more before September of 2011, defendants note that it does not purport to enforce TILA. Rather, it invokes 12 U.S.C. § 1818, a statute that sets forth safety and soundness prerequisites for federal deposit insurance. As a result, Lew cannot properly invoke § 1635(f). Because he has had an opportunity to perfect that claim, and appears to be unable to do so on the pleaded facts, the claim must now be dismissed with prejudice.

B. Fraudulent Omission

---

plead for rescission only. Ultimately, because defendant's motion to dismiss is granted in full, the motion to strike is moot.

Lew's second claim for relief alleges defendants failed to disclose material terms of the mortgage, in violation of 18 U.S.C. § 1005.  Specifically, he alleges defendants did not disclose that the "teaser" rate was only temporary, and the disclosed payment schedule, if followed, would inevitably lead to negative amortization and a loss in equity.  The Court previously dismissed with prejudice Lew's claim for fraudulent omission, then plead under state law, finding it to be expressly preempted by regulations implemented by the Office of Thrift Supervision (OTS) under the Home Owner's Loan Act (HOLA).  *See* 12 C.F.R. §§ 560.2(b)(4), (9), (10) (preempting state law "purporting to impose requirements regarding" terms of credit, required disclosures, and origination of mortgages).  To the extent the FAC might be read to plead a violation of state law, Lew's fraudulent omission theory remains preempted by OTS regulations.  It is founded on the charge that defendants "intentionally misrepresented the loan payment schedule and interest rates in the initial and final sets of TILA documents…." FAC, ¶ 83.  It is therefore expressly preempted by § 560.2(b).  *Conder v. Home Sav. Of Am.*, 680 F. Supp. 2d 1168, 1175 (C.D. Cal. 2010).

In an apparent attempt to avoid the sweep of preemption, Lew now seeks to plead his fraudulent omission claim under federal law, specifically 18 U.S.C. § 1005.  That section of Title 18 sets forth criminal penalties for fraud and false statements by bank officials, so as to "to give assurance that upon an inspection of a bank, public officers and others would discover in its books of account a picture of its true condition." *United States v. Darby*, 289 U.S. 224, 226 (1933). Defendants rightly note that § 1005 is inapplicable here, and likely cannot support civil jurisdiction. *Daviditis v. Nat'l Bank of Mattoon*, 262 F.2d 884, 886 (7th Cir. 1959) (§ 1005 "pertain[s] to criminal proceedings and ... in no way confer[s] jurisdiction as to the civil controversies described in the complaint."); *Davis v. Countrywide Home Loans*, No. 09-8606, 2010 WL 3219306, at *9 (S.D.N.Y. Jul. 23, 2010) (collecting cases).  Lew has not presented a viable legal theory, and in any case, his second claim was previously dismissed without leave to amend.

C. California Business & Professions Code § 17200

Lew's third claim for unfair and fraudulent business practices, under California Business & Professions Code § 17200, was also previously dismissed as preempted by 12 C.F.R. § 560.2, but with leave to amend, should he seek to allege a factual basis for it that did not trigger preemption.

Preemption analysis under OTS regulation proceeds in two steps. *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1005-06 (9th Cir. 2008). First, it must be determined whether plaintiff's proposed application of California's UCL is barred by § 560.2(b), which lists specific types of regulation that are preempted. *Id.* at 1005 (quoting OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996)). If so, that ends the inquiry. If not, the second question is whether the state law, as applied, "affects lending." *Id.* If it does, then "the presumption arises that the law is preempted." *Id.* That presumption can only rebutted if it can "clearly be shown" that § 560.2(c), narrowly construed, applies. *Id.* "Any doubt should be resolved in favor of preemption." *Id.* In relevant part, § 560.2(c) states that contract and commercial law, as well as tort law, "are not preempted to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section…." 12 C.F.R. § 560.2(c).

The FAC states that Lew's third claim is predicated on California contract and tort law, as well as "the generally applicable duty of any contracting party to not omit facts, and on the duty to refrain from unlawful, unfair and deceptive business practices." *See* FAC, ¶¶ 101-102. Following the District Court's opinion in *Silvas*, Lew attempts to frame his pleadings as asserting "violations of the general legal duties with which every business must comply." *Silvas v. E*Trade Mortg. Corp.*, 421 F. Supp. 2d 1315, 1320 (S.D. Cal. 2006) (citing *Gibson v. World Sav. & Loan Ass'n*, 103 Cal. App. 4th 1291 (2002)). *See also Fenning v. Glenfed, Inc.*, 40 Cal. App. 4th 1285 (1995). He stresses: "only claims that are specific to a defendant's lending activities, as distinguished from legal duties applicable to all businesses, are preempted under HOLA." Pl.'s Resp. 11:20-23. This is not quite correct, though: under *Silvas*, generally-applicable contractual and tort-based duties that "affect lending" by federal depository institutions regulated by OTS are presumptively preempted. They survive only if it is "clearly shown" they "only incidentally affect the lending operations" of regulated entities, or are otherwise consistent with § 560.2(a). *Id. and* 12 C.F.R. § 560.2(c).

Here, it is not necessary to address this latter exception because Lew's theory of liability is expressly preempted by § 560.2(b). *Silvas,* 421 F. Supp. 2d at 1319-21 (UCL claims predicated on, among other things, alleged misrepresentations in disclosures concerning right of rescission under TILA, expressly preempted by § 560.2(b)). He alleges defendants failed to disclose the "teaser"

interest rate would quickly expire, and that the listed payment schedule, if met, would result in negative amortization. FAC, ¶ 106. The factual allegations underlying the claim thus remain basically unchanged. Lew's complaint rests on a theory of state law that would "impose requirements regarding," under paragraph (b)(4), "[t]he terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate," and under (b)(10), mortgage origination. Accordingly, they are subject to preemption. Lew cannot reach another result by pleading violations of "general legal duties." The inquiry turns on the nature of the alleged conduct, not the label affixed to plaintiff's legal theory. Lew's third claim must also be dismissed with prejudice because it is now clear that it is preempted.

## IV. CONCLUSION

For the reasons discussed above, defendants' motion to dismiss with prejudice is granted on all claims. The Clerk is directed to close the case.

IT IS SO ORDERED.

Dated: 3/26/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE